# In the United States Court of Federal Claims

No. 19-1376C

(E-Filed:  January 24, 2020)[1]

|  |  |  |
|---|---|---|
| COLONNA'S SHIPYARD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Motion to Transfer; 41 U.S.C. § 7107(d) |
| | ) | (2012). |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Travis Pittman, Washington, DC, for plaintiff.

John M. McAdams III, Trial Attorney, with whom were Joseph H. Hunt, Assistant
Attorney General, Robert E. Kirschman, Jr., Director, Steven J. Gillingham, Assistant
Director, Commercial Litigation Branch, Civil Division, United States Department of
Justice, Washington, DC, for defendant.  David D. Bach, United States Navy, of counsel.

## OPINION

CAMPBELL-SMITH, Judge.

On November 7, 2019, defendant filed a motion to "transfer this case to the Armed
Services Board of Contract Appeals (ASBCA or Board) for consolidation with Colonna's

---

[1]     This opinion was issued under seal on January 9, 2020.  The parties were invited to
identify source selection, proprietary, or confidential material subject to deletion on the basis that
the material was protected/privileged.  No redactions were proposed by the parties.  Thus, the
sealed and public versions of this opinion are identical, except for the publication date and this
footnote.

case number 61635, currently pending before the Board."[2]  ECF No. 12 at 4.  Plaintiff filed a response in opposition to the motion to transfer, ECF No. 19; and defendant filed a reply in support of the motion, ECF No. 27.  For the following reasons, defendant's motion is **GRANTED in part**, as to the request for transfer, and **DENIED in part**, as to the request for consolidation, as the court is without authority to direct proceedings before the ASBCA.

I.      Background

On July 19, 2017, the United States Navy awarded plaintiff contract number N50054-17-C-007 for maintenance, inspection, and repair work on the United States Naval Ship (USNS) Narragansett.  See ECF No. 12 at 5 (citing ECF No. 1-5 at 1).  The contract was firm fixed-price for the amount of $7,620,005, and work was initially scheduled to be completed by January 26, 2018.[3]  See ECF No. 12 at 5.  Performance extended beyond the anticipated time, however, and on April 27, 2018, while still performing under the contract, plaintiff made a request for equitable adjustment (REA) from the Navy in an amount of more than $6 million.  See id.  The Navy did not make plaintiff's requested adjustment, and plaintiff filed a notice of appeal with the ASBCA on May 29, 2018, see id. at 18, and the appeal complaint was filed on July 31, 2018, see id. at 81.  That appeal was docketed as ASBCA case number 61635.[4]  See id.  In the appeal, plaintiff alleged breach of contract and changes to the contract, and summarized plaintiff's request for relief in a chart itemizing the cost of each alleged breach or change. See id. at 80, 120-22.

---

[2]      Defendant embedded in its motion to transfer a request to stay this case pending a decision on the motion to transfer.  See ECF No. 12 at 5, 15.  Defendant is advised that for purposes of proper case management and docket clarity compound motions are generally not permitted.  In this instance, however, any request to stay proceedings is rendered moot by the issuance of this opinion.

[3]      The January 26, 2018 date cited here is taken from defendant's motion for transfer, but the court notes that the complaint plaintiff filed before the ASBCA states that the contract work was initially due to be completed by December 15, 2017.  See ECF No. 12 at 19.  The court does not have sufficient documentation to determine which date is correct, but making such a determination is not relevant to the present analysis.

[4]      On August 5, 2019, plaintiff filed a second certified claim related to this contract with the contracting officer, see ECF No. 12 at 90-123, and later appealed the contracting officer's "deemed denial" to the ASBCA, see id. at 88-89.  That appeal, which was docketed as ASBCA case number 62212, has been consolidated with plaintiff's appeal of the denial of its initial REA, under case number 61635.  See id. at 124 (ASBCA consolidation order).

Following completion of the contract work on August 3, 2018, the Navy issued a negative Contractor's Performance Assessment Report (CPAR) evaluation on February 14, 2019, see ECF No. 1-3, which was reviewed and affirmed on March 14, 2019, see ECF No. 1-5.  Plaintiff filed a certified claim, pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 7101 (2012) (CDA), with the contracting officer seeking correction of the negative CPAR on April 5, 2019.  See ECF No. 1 at 2.  On August 22, 2019, the contracting officer issued a final decision affirming the findings in the CPAR.  See ECF No. 1-6 at 1.  Shortly thereafter, on September 10, 2019, plaintiff filed its complaint with this court challenging the "highly negative" evaluation.  See ECF No. 1 at 1-2.

II.    Legal Standards

Pursuant to the CDA, the court has the authority to direct consolidation or transfer of a case under the following circumstances:

> If 2 or more actions arising from one contract are filed in the United States Court of Federal Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Court of Federal Claims may order the consolidation of the actions in that court or transfer any actions to or among the agency boards involved.

41 U.S.C. § 7107(d) (2012).  The decision to consolidate or transfer a case "is a discretionary action that embraces a variety of factors, and is an ad hoc determination." Multi-Roof Sys. Co. v. United States, 5 Cl. Ct. 245, 247 (1984).  See also Joseph Morton Co. v. United States, 757 F.2d 1273, 1280 (Fed. Cir. 1985) (noting the court's "broad discretion in exercising its power to consolidate" matters pursuant to the CDA).  In assessing whether consolidation or transfer is appropriate under this statute, the court considers several factors, including:

> (1) whether the same contract is involved; (2) whether the cases present the same or overlapping issues; (3) whether the Plaintiff chose to proceed initially in the board or at the court; (4) whether substantial efforts have been expended in one forum, but not the other; and (5) whether transfer will eliminate duplication of efforts.

Precision Pine & Timber, Inc. v. United States, 45 Fed. Cl. 134, 135-36 (1999).[5]  See also In re Morse Diesel Int'l, 163 F. App'x 878, 879 (Fed. Cir. 2006) (upholding a decision by

---

[5]    In listing the factors considered by the court to determine whether transfer is appropriate, plaintiff cites Northrop Grumman Corp. v. United States, 70 Fed. Cl. 230, 231 (2006).  See ECF No. 19 at 2.  In Northrop, the court lists six factors, rather than five.  See Northrop, 70 Fed. Cl. at 231 (including a separate factor addressing "whether concurrent resolution would result in an

this court based on this framework for determining whether consolidation or transfer is appropriate).

## III.     Analysis

In its motion to transfer, defendant argues that the factors enumerated above militate in favor of transferring this case to the ASBCA for consolidation with ASBCA case number 61635.  See ECF No. 12 at 10-15.  Plaintiff opposes the motion, and claims that "the standard factors weighing in favor of consolidation are not present in this case," ECF No. 19 at 1, and separately argues that the court should deny transfer in the interest of justice, see id. at 7.  The court will address each factor in turn, and will also address plaintiff's separate argument that transfer is contrary to the interests of justice.

### A.     Transfer Factors

#### 1.     Whether the Same Contract Is Involved

The parties agree that the claims presented in this case and those addressed in ASBCA case number 61635 relate to the same contract for work on the USNS Narragansett.  See ECF No. 12 at 10, ECF No. 19 at 4.  As such, this factor is satisfied in favor of transfer.

#### 2.     Whether the Cases Present the Same or Overlapping Issues

Defendant explains the relation of issues between the ASBCA case and the matter before the court as follows:

> This case presents overlapping issues with case 61635 because in its Complaint, to refute the CPAR it received from the Navy for its performance on the Narragansett Contract, [plaintiff] offers an explanation of its work on many of the same aspects of its performance for which it claims additional money in case 61635.

ECF No. 12 at 10.  More specifically, defendant states that in ASBCA case number 61635, plaintiff "asserts entitlement to additional money for issues associated with lead abatement work, allegedly defective specifications it received from the Navy, and

---

inefficient allocation of the court's, board's, or party's resources").  In the court's view, the presentation of relevant factors in Precision Pine & Timber, Inc. v. United States, 45 Fed. Cl. 134, 135-36 (1999), addresses the same concerns, and the slightly different lists of factors present no conflict.  The court will, therefore, analyze this case under the factors as outlined in Precision Pine.

instructions it claims it received as to how to perform work on the Narragansett's shaft coupling." Id. at 11. Defendant contends that:

> The Complaint in this case addresses each of those same issues. Specifically, [plaintiff's] Complaint includes a sub-section titled "Notice and Negotiation of Lead Abatement Costs." Additionally, the Complaint addresses its work on the Narragansett's shaft coupling and the lack of guidance [plaintiff] claims it received with respect thereto. Furthermore, the Complaint takes issue with the Navy's allegedly defective specifications.

Id. at 11 (citations omitted). The two cases also share legal theories, presenting claims of breach of contract and changes to the contract. Id. (comparing ECF No. 1 at 42-43, with ECF No. 12 at 68-72).

Plaintiff asserts "[t]he Court and the Board have not been asked to decide the same claim or issue. This Court case deals with the single issue of whether the Navy complied with its contractual and regulatory duty to produce a fair and accurate CPAR. The Board is not reviewing that issue in the appeal." ECF No. 19 at 4. Plaintiff also notes that it seeks damages in this case for "costs incurred responding to the CPAR at the agency level" that "are not included in the claim before the Board." Id. Plaintiff emphasizes that it seeks the court's review of the "Navy's performance," with regard to the issuance of the CPAR, which it acknowledges involves a decision by the Court as to "whether the CPAR is fair and accurate as a general matter." Id. at 4-5.

After a careful review of the issues raised in each proceeding, the court agrees with defendant that this factor supports transfer to the ASBCA. Neither the statute nor the case law require that the issues presented in each case be entirely synonymous to justify consolidation or transfer. Here, in its own words, plaintiff seeks a decision in this case of "whether the CPAR is fair and accurate." Id. at 5. In order to make that determination, the court would necessarily engage in analysis of, as defendant aptly states, the "interrelated issues of what [plaintiff] did and whether it do so successfully." ECF No. 27 at 2. The same issues, broadly speaking, will be addressed by the ASBCA in order to determine whether plaintiff is entitled to an equitable adjustment for its work.

> 3.    Whether the Plaintiff Chose to Proceed Initially either before the Board or the Court

As the record in this case demonstrates, plaintiff filed a notice of appeal with the ASBCA on May 29, 2018, see ECF No. 12 at 18, and the appeal complaint, docketed as ASBCA case number 61635, was filed on July 31, 2018, see id. at 81. Plaintiff filed the case at bar on September 10, 2019. See ECF No. 1.

Plaintiff does not dispute these facts, but argues that this factor does not support transfer because it "filed this CPAR dispute as a separate CDA claim—not a claim supplement—and brought it here to the Court precisely because it wanted separate review, not entangled with the costs appeal." ECF No. 19 at 5. While the court understands plaintiff's desire to pursue the CPAR dispute and the costs dispute separately, plaintiff's argument on this point is irrelevant as to which forum it first pursued.

Plaintiff also insists that requiring it to litigate the CPAR and costs issues together would be unfair because the contracting officer did not address the matters together. See id. The court does not see the relevance of this line of argument, and trusts that the ASBCA is capable of handling both the CPAR and the costs disputes at the same time, irrespective of whether the contracting officer did so.

Because plaintiff's ASBCA case was filed first, this factor favors transfer.

### 4.    Whether Substantial Efforts Have Been Expended in One Forum

Defendant argues that both parties have "expended—and will continue to expend—substantial effort" litigating ASBCA case number 61635. ECF No. 12 at 13. The ASBCA proceeding is presently in the discovery phase, and the parties will soon file dispositive motions. See id. at 82-83 (letter from the ASBCA to the parties stating that discovery closes on January 10, 2020, and dispositive motions are due by February 24, 2020). In comparison, proceedings before the court have not progressed beyond the filing of the complaint, a protective order, and the present motion to transfer. The ASBCA has clearly invested more substantial resources in ASBCA case number 61635 than the court has in the instant litigation. For these reasons, this factor supports transfer.

### 5.    Whether Transfer Will Eliminate Duplication of Efforts

Given the overlapping nature of the issues presented before the ASBCA and the court, defendant argues that litigation in one forum will "eliminate unnecessary duplication of efforts." Id. at 13. Specifically, defendant points to discovery requests from plaintiff served in the ASBCA case that "touch on who is at fault for delay and increased costs incurred on the contract." Id. at 13-14. Defendant also claims that consolidation will avoid wasteful efforts by the parties and the court. See id. at 14 (noting that "it is more than likely that depositions will be required of many of the same witnesses, requiring not only unnecessary diversion of witnesses on both sides from their jobs, but the time of two sets of counsel to prepare them"), id. at 14-15 (noting possible complications with estoppel if the ASBCA issues its ruling first). In opposition, plaintiff argues that "the CPAR case can be decided without robust litigation," because "[t]he

Court can decide that the CPAR is unfair and inaccurate as a matter of law." ECF No. 19 at 6.

The court, again, agrees with defendant. Even if the litigation in the court is less "robust" than the litigation before the ASBCA, as plaintiff suggests, it is litigation nonetheless. Id. The court's resources are better allocated to matters that are not being evaluated concurrently by a separate tribunal. As such, this factor supports transfer.

      B.     Transfer Is in the Interest of Justice

Apart from its evaluation of whether transfer is appropriate, pursuant 41 U.S.C. § 7107(d), plaintiff argues that the court should deny the motion to transfer because defendant has acted in bad faith with regard to its final decision reviewing the CPAR and the ASBCA proceedings. See ECF No. 19 at 7-10. The court declines to do so. If plaintiff's bad faith claims are properly part of this case, they should be evaluated by the ASBCA along with the merits of the contract dispute. The factors identified and analyzed above are not separate from the consideration of the interests of justice, as plaintiff suggests, but rather are a means to determining the outcome that serves the interests of justice.

IV.    Conclusion

Accordingly, for the above-stated reasons, defendant's motion to transfer this case to the ASBCA for consolidation with ASBCA case number 61635, ECF No. 12, is **GRANTED in part**, as to the request for transfer, and **DENIED in part**, as to the request for consolidation, as the court is without authority to direct proceedings before the Board. The parties must press any request for consolidation before the Board itself.

The clerk's office is, therefore, directed to **TRANSFER** this case to the ASBCA by **DELIVERING** a certified copy of this opinion, a copy of the docket sheet in this matter, and copies of the documents that comprise the balance of the record to:

> John J. Thrasher, Chairman
> Armed Services Board of Contract Appeals
> Skyline Six, Suite 700
> 5109 Leesburg Pike
> Falls Church, VA 22041-3208

On or before **January 23, 2020**, the parties are directed to **CONFER** and **FILE** a proposed redacted version of this opinion with all competition-sensitive or proprietary information blacked out and in brackets. The court will incorporate appropriate redactions proposed by the parties, and will then issue a public version of this opinion.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge